1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

12 | HOFBRÄUHAUS OF AMERICA, LLC, a
Nevada limited liability company,

13

Plaintiff,

14 | v.

15

16 | OAK TREE MANAGEMENT SERVICES,
INC., a Missouri corporation, WILLIAM
17 | GUY CROUCH, as Successor in Interest or
Receiver for Oak Tree Management
18 | Services, Inc.,

19

Defendants.

Case No. 2:22-cv-00421-ART-DJA

**ORDER APPRVONG JOINT
MOTION  TO STAY ACTION TO
EXPLORE SETTLEMENT
RESOLUTION**

20

21        Plaintiff Hofbräuhaus of America, LLC ("Hofbräuhaus America"), and Defendant

22  William Guy Crouch, as Court-Appointed Receiver (the "Receiver") for Oak Tree

23  Management Services, Inc. ("Oak Tree"), by and through undersigned counsel, hereby

24  stipulate and jointly move this Court to stay this action for eight (8) weeks while the parties

25  explore settlement options. In support of this Stipulation, the parties respectfully state as

26  follows:

27 | / / /

28 | / / /



1

## I.      INTRODUCTION

The parties to this action are presently engaged in negotiations through which they see a reasonable possibility to resolve all disputes pending before this Court and those recently commenced by the Receiver in Missouri State Court, and which Hofbräuhaus America removed to the United States District Court, Eastern District of Missouri, Eastern Division, Case No. 4:22-cv-00527-AGF (the "Missouri Action").[1] Given the complicated matters at issue in this case, a potential settlement includes a number of complex components that require sufficient time and effort to address. The parties submit that continuing this action and the Missouri Action during the parties' resolution efforts would derail and distract from a viable potential settlement.

The parties jointly stipulate and move for the Court to enter a limited stay of eight (8) weeks in this action for the purpose of exploring resolution. This request is not made for the purposes of delay, but to reduce the burden of litigation while seeking a mutually beneficial solution. A stay would serve judicial economy and provide a fair opportunity to mitigate damages and preserve both parties' rights. The Court has the inherent power to grant such a stay under terms the parties stipulate and the Court deems appropriate.

Accordingly, and for the reasons stated herein, the parties request this Court to enter an order staying this action for eight (8) weeks.

## II.      STATEMENT OF FACTS

***Status of Pleadings and Motion Practice in Nevada***

1.       On or about March 7, 2022, Hofbräuhaus America filed its Complaint [ECF 1] On or about March 21, 2022, Hofbräuhaus America filed its Amended Complaint [ECF 6] asserting the following claims against the Receiver and Oak Tree: (1) Trademark Infringement per 15 U.S.C. § 1051 et seq.; (ii) Trade Dress Infringement per 15 U.S.C. § 1051 et seq.; (iii)

/ / /

---

[1] The parties are simultaneously filing a similar joint motion to stay in the Missouri Action.



Copyright Infringement per 17 U.S.C. § 101 et seq.; and (iv) Declaratory Relief per NRS § 30.010 et seq.

      2.      On March 29, 2022, the Receiver filed a Motion to Dismiss, Stay or Transfer the Amended Complaint. [ECF 10]

      3.      On April 5, 2022, Hofbräuhaus America filed its Emergency Motion for Preliminary Injunction. [ECF 18]

      4.      On April 6, 2022, the Court issued a Minute Order denying Hofbräuhaus America's Emergency Hearing Request. [ECF 21]

      5.      On April 12, 2022, Hofbräuhaus America filed its Opposition to the Receiver's Motion to Dismiss, Stay or Transfer the Amended Complaint [ECF 22].

      6.      On April 26, 2022, Receiver filed his Response and Opposition to Hofbräuhaus America's Emergency Motion for Preliminary Injunction. [ECF 26]

      7.      On April 27, 2022, Receiver filed his Reply in Support of his Motion to Dismiss, Stay or transfer the Amended Complaint. [ECF 27]

      8.      On May 13, 2022, Hofbräuhaus America filed its Reply in Support of its Emergency Motion for Preliminary Injunction. [ECF 37]

      9.      On May 20, 2022, the Receiver filed a Motion for Leave to file a Sur-Reply to Hofbräuhaus America's Reply in Support of its Emergency Motion for Preliminary Injunction. [ECF 41]

      10.      On June 3, 2022, Hofbräuhaus America filed an Opposition to the Receiver's Motion for Leave to file a Sur-Reply. [ECF 44]

      11.      On May 20, 2022, the parties submitted and on May 23, 2022, the Court granted a Stipulated Discovery Plan and Scheduling Order [ECF 42] setting forth the following discovery schedule:

          a.      Discovery Cutoff Date: Monday September 26, 2022

          b.      Last Day to Amend Pleadings: Tuesday, June 28, 2022

          c.      Last Day to Disclose Expert Witnesses: Thursday, July 28, 2022

/ / /



1         d.      Last Day to file Dispositive Motions: Wednesday, October 26, 2022

2         e.      Date to file the joint pretrial order: Friday, November 25, 2022

3     12.     The Motion to Dismiss, Stay or Transfer the Amended Complaint [ECF 10],

4 Emergency Motion for Preliminary Injunction [ECF 18], and Motion for Leave to File a Sur-

5 Reply [ECF 41] are fully briefed and remain pending before the Court.

6

7 ***Status of Pleadings and Motion
Practice in Missouri***

8     13.     On April 12, 2022, Receiver initiated a lawsuit entitled "Petition Adjunct to

9 Receivership Action in Case No. 19SL-CC05405" in the Circuit Court of St. Louis County,

10 State of Missouri as Case No. 22SL-CC02167) asserting the following claims against

11 Hofbräuhaus America: (1) Contempt of Court Against Hofbräuhaus America for Violating the

12 Receiver's Order, the MCRA, and the IFDA; (2) Declaratory Judgment that Hofbräuhaus

13 America Failed to File Claims Relating to Royalty Fees under the Franchise Agreement in the

14 Receivership Action and Now Those Claims are Time Barred; (3) Declaratory Judgment that

15 the Franchise Agreement was Not Lawfully Terminated; (4) Injunctive Relief preventing

16 Hofbräuhaus America from taking any action on the Franchise Agreement to interrupt the

17 continued use of Hofbräuhaus America's intellectual property at the HB-Belleville Brewpub

18 and preventing Hofbräuhaus America from maintaining any cause of action without first

19 obtaining the approval of the Missouri State Receivership Court.

20     14.     On May 13, 2022, Hofbräuhaus removed the action to federal court by filing a

21 Notice of Removal. [Missouri ECF 1]

22     15.     On May 20, 2022, Hofbräuhaus America filed a Motion to Transfer Venue

23 and Consolidate Receiver's Missouri Petition to Nevada Federal District Court arguing the

24 Receiver's claims therein are compulsory counterclaims or defenses to Hofbräuhaus

25 America's pending lawsuit in Nevada. [Missouri ECF 11].

26 / / /

27 / / /

28 / / /

1    16.    On June 13, 2022, the Receiver filed an Opposition to Hofbräuhaus America's

2  Motion to Transfer Venue and Consolidate Receiver's Missouri Petition to Nevada. [Missouri

3  ECF 19]

4    17.    Also on June 13, 2022, the Receiver filed a Motion to Remand. [Missouri

5  ECF 20]

6    18.    The Parties agreed to an extension of time for Hofbräuhaus America to file its

7  Reply in Support of its Motion to Transfer and Consolidate and its Opposition to Receiver's

8  Motion to Remand. [Missouri ECF 25, 26, 27, 28 and 29]

9    19.    With the complexity of the legal issues in this matter and the fast moving,

10  cross-jurisdictional practice pending, both Hofbräuhaus America and the Receiver

11  inadvertently overlooked Local Federal Rules relating to these filings in Missouri.

12  Specifically, neither Hofbräuhaus America nor Receiver filed a Notice of Related Case in this

13  action required by Nevada Local Rule 42-1(a) when Receiver filed the Missouri Petition. In

14  filing its Motion to Transfer and Consolidate in the Missouri Action, Hofbräuhaus America

15  inadvertently overlooked Nevada Local Rule 42-1(b) and Missouri Local Rule 4.03, which

16  both provide the Motion to Transfer and Consolidate should be filed in the first filed case, i.e.,

17  in Nevada.

18  **III.    LEGAL ARGUMENT**

19    [T]he power to stay proceedings is incidental to the power inherent in every court to

20  control the disposition of the causes on its docket with economy of time and effort for itself,

21  for counsel, and for litigants." *Trees v. Serv. Emps. Int'l Union Loc. 503*, No. 6:21-CV-468-SI,

22  2021 WL 5829017, at *3 (D. Or. Dec. 8, 2021) (citing *Landis v. N. Am. Co.*, 299 U.S. 248,

23  254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098,

24  1111 (9th Cir. 2005) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th

25  Cir. 1979)).

26    In exercising this discretion, the Ninth Circuit has explained that the district court

27  must weigh competing interests, including the possible damage which may result from the

28  / / /

5

1   granting of a stay, the hardship or inequity which a party may suffer in being required to go

2   forward, and the orderly course of justice measured in terms of the simplifying or

3   complicating of issues, proof, and questions of law which could be expected to result from

4   a stay. *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Courts

5   have acknowledged that "lengthy or indefinite" stays may create a "danger of denying justice

6   by delay" *Blue Cross and Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d

7   718, 724 (9th Cir. 2007).  The "orderly course of justice" is "measured by considering

8   whether issues will be simplified or complicated, proof, and questions of law which could be

9   expected to result from the stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX*, 300 F.2d at

10  268).

11          In this case, the parties have agreed to stay all pending litigation while they attempt to

12  resolve their disputes through settlement negotiation. As a result, the request is limited in time

13  and fair to all involved. The parties' hope is that negotiations will result in a global resolution

14  of all matters. Such a result would serve judicial economy for all Courts in which litigation is

15  pending between the parties. This is the parties' first request of its kind and not made for any

16  improper purpose, including delay.

17  **IV.    STIPULATION**

18          WHEREFORE, IT IS HEREBY STIPULATED by and between the parties, and the

19  parties hereby request that this action, including all pending motions and all deadlines in the

20  Stipulated Discovery Plan and Scheduling Order, shall be stayed for eight (8) weeks while the

21  parties explore settlement. At the conclusion of the eight (8) week stay period, the parties shall

22  update the Court by filing: (i) a notice of settlement or filing of a stipulation and order for

23  dismissal; (ii) a status report regarding the stay, which may include a request for additional

24  time to continue the stay to finalize settlement; or (iii) a request to resume pending matters in

25  this action.

26          The parties acknowledge that if settlement is not reached, they are obligated to

27  proceed immediately with discovery in this action, and so agree that upon conclusion of the

28  / / /



6

eight (8) week stay, if resolution is not met, they will submit a new proposed Stipulated Discovery Plan and Scheduling Order setting forth new discovery deadlines for this case to proceed. In addition, if resolution is not met, Hofbräuhaus America will vacate its Motion to Transfer and Consolidate currently pending in the Missouri Action and will refile that motion in Nevada as required by both Nevada and Missouri's Local Rules. Lastly, the parties will submit a stipulated briefing schedule to address Hofbräuhaus America's Motion to Transfer and Consolidate.

Dated this 30th day of June 2022.

HONE LAW


/s/ Jamie L. Zimmerman
Eric D. Hone, NV Bar No. 8499
Jamie L. Zimmerman, NV Bar No.11749
Leslie A. S. Godfrey, NV Bar No. 10229
Kathryn C. Newman, NV Bar No. 13733
701 N. Green Valley Parkway, Suite 200
Henderson NV 89074

*Attorneys for Plaintiff*
*Hofbräuhaus of America, LLC*

Dated this 30th day of June 2022.

SEMENZA KIRCHER RICKARD


/s/ Jarrod L Ricard
Jarrod L. Rickard, Esq., NV Bar No. 10203
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145

Michael A. Campbell (*Pro Hac Vice*)
Llynn K. White (*Pro Hac Vice*)
Nick A. Griebel (*Pro Hac Vice*)
POLSINELLI PC
100 S. Fourth Street, Suite 1000
St. Louis, Missouri 63102

*Attorneys for Defendants*
*William Guy Crouch, as Receiver for*
*Oak Tree Management Services, Inc.*


IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE


Dated: _____ July 1, 2022 _____

