UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HOFBRÄUHAUS OF AMERICA, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>OAK TREE MANAGEMENT SERVICES, INC., a Missouri corporation, WILLIAM GUY CROUCH, as Successor in Interest or Receiver for Oak Tree Management Services, Inc.,<br><br>Defendants. | Case No. 2:22-cv-000421-ART-DJA<br><br>ORDER |

Pending before the Court are Defendants William G. Crouch, Oak Tree Management Services, Inc.'s ("Oak Tree") Motion to Dismiss, Stay, or Transfer Amended Complaint (ECF No. 10), Plaintiff Hofbräuhaus of America, LLC.'s ("Hofbräuhaus") Motion for Preliminary Injunction (ECF No. 18), Oak Tree's Motion for Leave to File Excess Pages (ECF No. 29) and Oak Tree's Motion for Leave to File Sur-Reply (ECF No. 41). The Court finds that it has subject matter jurisdiction over this action, personal jurisdiction over the defendants, that a stay pursuant to a Missouri receivership order is inappropriate, and that abstention is likewise inappropriate. The Court finds that the interests of justice are served by a discretionary transfer of venue to the Southern District of Illinois and grants, in part, Oak Tree's motion (ECF No. 10) to the extent that the Court transfers venue to the Southern District of Illinois.

This case has been stayed since July 1, 2022 for the parties to engage in settlement negotiations. (ECF No. 49.) Settlement negotiations have now broken

down and Hofbräuhaus requests that the Court adjudicate the question of venue, set a briefing schedule for Hofbräuhaus to supplement the latest defaults that impact the pending emergency motion for a preliminary injunction, and set a discovery schedule to resolve remaining issues. (ECF No. 54.) Because this Court finds that a discretionary transfer of venue to the Southern District of Illinois is in the interests of justice, it declines to set a discovery schedule or resolve remaining issues.

## I.     Background

Hofbräuhaus, a Nevada limited liability company with its principal place of business in Clark County, Nevada. Hofbräuhaus brings this action as a franchisor to assert claims against its franchisee, Defendant Oak Tree, which operates a Hofbräuhaus-branded franchise (the "the Brewpub") in Belleville, Illinois. Oak Tree is a Missouri corporation with offices in Illinois. (ECF No. 1.) Oak Tree's purpose is to own and operate the Brewpub in Illinois. (ECF No. 22 at 3.) The Brewpub is part of a 33-acre parcel of land in Illinois developed by the Keller Family of Effingham Illinois as a multiuse property that was designed to include upscale restaurants, a winery, a hotel, and the Brewpub. The entire Keller Family development in Illinois, including the Brewpub, through Oak Tree, is financed by the Royal Banks of Missouri ("Royal Bank").

Oak Tree and Hofbräuhaus have entered multiple contracts over the years governing their franchise relationship relative to the Brewpub in Illinois. They first entered into a franchise agreement in December 2014. (ECF No. 11 at 208.) They entered into a second franchise agreement in February 2017. *Id.* They entered into a third Franchise Agreement effective January 3, 2018 (the "Franchise Agreement"). (ECF No. 1 at 1-2.) The contracts differ in various respects and interpreting them individually and collectively is beyond the scope of this Order. The Court merely notes that the 2018 Franchise Agreement, which the Complaint identifies as the relevant, albeit expired, agreement, contains a

choice of law provision in favor of Nevada law and forum selection clause in favor of the United States District Court for the District of Nevada or the state court in Clark County, Nevada should a federal court decline to exercise jurisdiction. (ECF No. 11 at 167; 154). The 2017 contract contains language acknowledging that version of the agreement between the parties is subject to the Illinois Franchise Disclosure Act ("IDFA"), is governed by the Illinois state law except to the extent federal law applies and specifies that any legal proceedings shall be filed and maintained by a federal court in Illinois. (ECF No. 22-2 at 69-70.)

What is undisputed is the brand and marks licensed exclusively to Hofbräuhaus are owned by Staatliches Hofbräuhaus in München, which owns the world-famous Hofbräuhaus brewery and beer hall in Munich, Germany. Hofbräuhaus owns the exclusive rights in North America to franchise the Hofbräu München brand, including its related trade dress and marks. As part of its trade dress and franchise experience, Hofbräuhaus offers a distinctive architectural design, atmosphere, and dining experience.

Under the Franchise Agreement, Oak Tree has a limited license to use Hofbräuhaus's copyrights, trade names, trademarks, and trade dress. In exchange, it must preserve Hofbräuhaus's brand by: (1) maintaining daily operating hours; (2) being open seven days a week; (3) conforming to a specific menu; (4) employing a band using a specific style of music for a certain number of hours every evening; and (5) employing a general manager approved by and trained by Hofbräuhaus. Oak Tree was also obliged to provide monthly financial reports and pay royalties to Hofbräuhaus. (ECF No. 22 at 6-7). There are specified events that constitute material breaches giving Hofbräuhaus the right to terminate the Franchise Agreement including the appointment of a receiver over the franchisee.

Oak Tree began operating the Brewpub in Illinois in spring of 2018. The Brewpub is a replica of the world-famous Hofbräuhaus in Munich, Germany. It

displays Hofbräuhaus's distinctive architectural features such as blue and white coloring, checkerboard patterns, and uses trade names, marks, logos, and branding throughout the building, including on service ware, employee dress, and marketing materials.

Oak Tree struggled with its obligations as a franchisee and by mid-2019 is alleged to have defaulted on financial and operational obligations. The Keller Family never finished the development in Illinois. The Brewpub is open to the public, but it stands alone in an undeveloped plot of land in Illinois. In November 2019, Royal Banks, Oak Tree's lender and the lender to the Keller Family's other entities, offered to pay royalty fees to attempt to extend the life of the Franchise Agreement, but Hofbräuhaus declined. (ECF No. 21 at 8.) In December 2019, Royal Banks moved a Missouri court for appointment of a receiver to take over the business operations of its borrowers, including Oak Tree. The Missouri court appointed Crouch as receiver and stayed Hofbräuhaus from terminating the Franchise Agreement or enforcing it until further order of the court. (ECF No. 22 at 9.) The Receiver Order was entered pursuant to the Missouri Commercial Receivership Act (Mo. Rev. Stat. §§515.500, et seq.) (the "MCRA).

Hofbräuhaus is not a party to the receivership action. Nor does it operate a franchise in Missouri. The franchise at issue is in Illinois. The Missouri action, brought by lender Royal Banks, alleges various causes of action against Keller Family entities and specifically Oak Tree, including breach of contract and receivership because these entities allegedly defaulted on various loans. Hofbräuhaus has attempted to work with Crouch, as receiver for Oak Tree, to cure various defaults. The Brewpub, however, was not able to produce sufficient income to hire a qualified general manager, hire a band, or train a brew master. Hofbräuhaus took the position that if defaults were not cured by February 2022 the Franchise Agreement would expire by its own terms. Hofbräuhaus was, and is, of the position that the defaults were not cured, and has advised Crouch, as

receiver for Oak Tree, that it must shut down operations and de-brand the Brewpub to remove all indicia of its brand. Crouch has refused, and the Brewpub remains open to the public.

While motion practice was ongoing in Nevada, on April 12, 2022, the Oak Tree Receiver filed a second lawsuit before the State Court in St. Louis, Missouri alleging causes of action mirroring its defenses in this lawsuit. Hofbräuhaus removed that case to the United States District Court, Eastern District of Missouri, Eastern Division, Case No. 4:22-cv-00527-AGF. (ECF No. 54.) At the present moment both the federal Missouri action and this action are stayed because the parties requested stays to engage in meaningful settlement negotiations. Hofbräuhaus represents that it recently learned that the Brewpub is serving domestic beer, including non-Hofbräuhaus products, which are not the approved Hofbräuhaus branded beer and has installed an arcade and pool tables on the premises in violation of the Franchise Agreement.

## II.     Procedural History

Hofbräuhaus brings a Complaint against Oak Tree regarding its continuing operation of the Brewpub in Illinois despite the alleged expiration of the Franchise Agreement. Specifically, Hofbräuhaus brings trademark, trade dress, and copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), involving violations of the Lanham Act, 15 U.S.C. § 1051 et. seq., and the Copyright Act, 17 U.S.C. § 101 et. seq. Hofbräuhaus's trademark claims relate to Oak Tree's continued use of Hofbräuhaus's trademarks, trade dress infringement for the distinctive design of the Brewpub. Its copyright claim relates to the continued operation of the Illinois Brewpub using distinctive Hofbräuhaus architecture. Hofbräuhaus brings a Nevada state law claim for declaratory relief claim pursuant to 28 U.S.C. § 1367(a) because the claim is so related to the trademark, trade dress, and copyright infringement claims as to form part of the same case or controversy. (ECF No. 1.) Hofbräuhaus also seeks emergency relief

in a motion for preliminary injunction requesting that the Court stop Oak Tree from operating the Brewpub in Illinois. (ECF No. 18.)

Oak Tree moves do dismiss, stay, or transfer venue. (ECF No. 10.) It argues that this Court lacks subject matter jurisdiction because the IFDA provides that any provision in a franchise agreement that designates jurisdiction or venue outside of Illinois is void. 815 Ill. Comp. Stat. Ann. 705/4. It claims the Missouri court has sole jurisdiction over the Receiver and the property at issue. Oak Tree notes, however, the United States District Court for the Southern District of Illinois has jurisdiction over Oak Tree (if jurisdiction is otherwise appropriate and satisfied). (ECF No. 27 at 16.) Oak Tree also argues that the District of Nevada lacks personal jurisdiction because the Brewpub is in Illinois and subject to a Missouri receivership. Performance of the Franchise Agreement occurred in Illinois. Oak Tree also argues that this action should be stayed under the Missouri receivership order, which, inter alia, prohibits Hofbräuhaus from filing an action without leave of the Missouri court and are time barred. In the alternative Oak Tree argues that the Court should abstain from hearing the case in deference to the Missouri receivership court.

Following briefing on Hofbräuhaus's motion for a preliminary injunction (ECF No. 18) the parties requested that this Court stay this action so that they could engage in settlement negotiations (ECF No. 48). The Court stayed the action (ECF No. 49) and extended the stay (ECF No. 51) at the request of the parties. On December 16, 2022, Hofbräuhaus filed a status report advising the Court that settlement had broken down and requested that this Court lift the stay. (ECF No. 54.)

### III. Analysis

This Court addresses only the issues necessary to its decision to transfer this case to the Southern District of Illinois without reaching issues more appropriately resolved by that court. The Court has subject matter jurisdiction

because the claims at issue arise under federal law, specifically copyright and trademark law. The Court has personal jurisdiction over Oak Tree, albeit specific, not general, jurisdiction. The Court will neither stay the case nor abstain from hearing the case as it is properly brought in a federal court. The Court transfers venue to the Southern District of Illinois because the Brewpub is in Illinois, because the likelihood of consumer confusion is in Illinois, and an Illinois court is best positioned to order and enforce injunctive relief if such relief is appropriate.

### A. Subject Matter Jurisdiction

Oak Tree argues, in a factual attack, that the Court has no subject matter jurisdiction over Hofbräuhaus's Nevada declaratory relief claim. It requests that the Court consider the Franchise Agreement, find that the Nevada choice of law provision in the Franchise Agreement is void under the [1] IFDA, and thus dismiss the fourth claim for declaratory relief. Hofbräuhaus's response does not fully address the merits of Oak Tree's argument, and instead argues that IFDA is preempted because it conflicts with Congress's intent for federal courts to adjudicate issues based on federally protected property interests. The Court finds that it has subject matter jurisdiction over this action and declines to address the factual attack because it transfers this action to the Southern District of Illinois.

The assertion of a federal claim is sufficient to confer federal subject matter jurisdiction. *See* 28 U.S.C. § 1331 (conferring subject matter jurisdiction over questions of federal law). Claims arising under the Copyright Act are within the exclusive jurisdiction of the federal courts. *See* 28 U.S.C. § 1331; 1338(a); *Topolos v. Caldewey*, 698 F.2d 991, 993 (9th Cir. 1983)("The federal courts have exclusive

---

[1] Section 4 of the IFDA provides as follows: § 4. Jurisdiction and venue. Any provision in a franchise agreement that designates jurisdiction or venue in a forum outside of this State is void, provided that a franchise agreement may provide for arbitration in a forum outside of this State. 815 Ill. Comp. Stat. Ann. 705/4.

7

jurisdiction over actions that arise under the federal copyright laws."). Federal courts also have subject matter jurisdiction over trademark claims. *See Int'l Ord. of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 915–16 (9th Cir. 1980)(observing that that federal courts have jurisdiction to hear suits regarding infringement of registered trademarks under the Lanham Act). A plaintiff complaining of trademark infringement in federal court may invoke either federal or state protections, or both, as Hofbräuhaus has done here. *Id.* at 916. This Court has supplemental jurisdiction over state claims if they arise out of the same case or controversy. 28 U.S.C. § 1367(a). The Court thus has subject matter jurisdiction over the claims in this case.

Although it has subject matter jurisdiction, the Court declines to address a factual attack on Hofbräuhaus's Nevada state law claim in light of its decision to transfer. *See State of Utah v. Am. Pipe & Constr. Co.*, 316 F. Supp. 837, 839 (C.D. Cal. 1970) (jurisdiction ceases after an order transferring venue). The transferee Court is best positioned to determine whether Hofbräuhaus's Nevada state law claim for declaratory relief survives a factual attack.

**B. The Court will neither stay the action nor abstain from addressing it.**

Neither *Colorado River* nor *Younger* abstention is appropriate here because Hofbräuhaus's Copyright claim is within the exclusive jurisdiction of the federal courts. *See* 28 U.S.C. § 1338(a) ("No [s]tate court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights."). Generally, *Colorado River* abstention allows a district court for judicial efficiency to stay proceedings in deference to parallel, pending state court cases. *See Minucci v. Agrama,* 868 F.2d 1113, 1115 (9th Cir. 1989) (discussing abstention under *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817–18 (1976)). As the court explained in *Minucci*, a "district court has no discretion to stay proceedings," over a Copyright claim that is "within exclusive federal jurisdiction" *Id.* at 1115 (*quoting Silberkleit v. Kantrowitz*, 713 F.2d 433,

436 (9th Cir. 1983)). The same analysis precludes dismissal or stay based on *Younger* abstention, which generally precludes a federal court from enjoining a pending state prosecution or similar judicial proceeding." *See Sprint Comm. v. Jacobs*, 571 U.S. 69, 73 (2013*).* A precondition for *Younger* abstention is that the state proceedings provide an adequate opportunity to raise federal challenges. *Id.* at 76 (discussing *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 433–434 (1982). That requirement cannot be met for Hofbräuhaus's Copyright claim, which can only be litigated in federal court. Because this Court has exclusive federal jurisdiction over this action it is foreclosed from staying or dismissing based on the abstention doctrine.

**C. This Court has personal jurisdiction over Oak Tree.**

Oak Tree moves for dismissal for lack of personal jurisdiction claiming neither the Receiver nor Oak Tree had sufficient minimum contacts with Nevada to confer personal jurisdiction. The Court finds that, though the Brewpub at issue is in Illinois, the nature and extent of the business dealings between Oak Tree and HGB – a Nevada entity – and Oak Tree's alleged tortious conduct against a Nevada entity confer personal jurisdiction over Oak Tree.

Where a federal statute does not govern personal jurisdiction, district courts apply the law of the state in which the court sits. *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608–09 (9th Cir. 2010). Because "Nevada's long-arm statute, NRS § 14.065, reaches the limits of due process set by the United States Constitution," *see Baker v. Eighth Judicial Dist. Ct. ex rel. Cty. of Clark*, 999 P.2d 1020, 1023 (Nev. 2000), a Court simply analyzes whether "the exercise of jurisdiction must comport with federal due process" *see Chan v. Society Expeditions, Inc*, 39 F.3d 1392, 1404–05. "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (*citing Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).

Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific jurisdiction. A plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansin*, 539 F.3d 1011, 1015 (9th Cir. 2008). The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (*quoting Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).

### 1. This Court lacks general jurisdiction over Oak Tree.

A court has general personal jurisdiction over a defendant whose contacts with the forum are "so 'continuous and systematic' as to render them essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014) (*citing Goodyear v. Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 (2011)). Courts have asserted general jurisdiction over a defendant where the defendant (1) has been served with process while voluntarily within the form, (2) is domiciled within the forum, or (3) consents to the Court's jurisdiction. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880-82 (2011) (Kennedy, J., plurality). A foreign corporation will be subject to general jurisdiction only in an exceptional case, where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014).

Oak Tree's contacts with Nevada are not continuous and systematic. Oak Tree is a Missouri company and subject to a Missouri Receivership. The Brewpub is in Illinois. Oak Tree was not served while voluntarily in Nevada, is not domiciled in Nevada, nor does it consent to Nevada's jurisdiction. This is insufficient to give rise to general personal jurisdiction.

### 2. This Court has specific jurisdiction over Oak Tree.

A court that lacks general personal jurisdiction may have specific personal jurisdiction if the defendant has certain minimum contacts with the forum state, the controversy arose out of those contacts, and the exercise of jurisdiction is reasonable. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–74 (1985). This Court has specific jurisdiction over Oak Tree based on allegations that it purposefully directed its activities at Nevada, the claims arise out of that purposeful direction, and the exercise of jurisdiction is reasonable.

The Ninth Circuit provides a three-prong test for analyzing an assertion of specific jurisdiction: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir.2004)). The plaintiff bears the burden of satisfying the first two prongs. *Id*. If it does so, the burden then shifts to the defendant to set forth a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id*.

### a. Oak Tree purposefully directed its activities at Nevada.

Purposeful direction is the proper analytical framework in this case because the claims at issue sound in tort. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). To establish purposeful direction, a plaintiff must satisfy a three-part test drawn from the U.S. Supreme Court's opinion in *Calder v. Jones*: (1) the defendant must have committed an intentional act; (2) the defendant's act was expressly aimed at the forum state; and (3) the defendant knew the brunt of the harm was likely to be suffered in the forum state.

*Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (*citing Calder v. Jones*, 465 U.S. 783, 788–89 (1984)).

Oak Tree's alleged conduct constitutes purposeful direction. The alleged conduct is intentional, not merely negligent, and was expressly aimed at Nevada. Oak Tree knew Hofbräuhaus was a Nevada business when it entered into the Franchise Agreement with Hofbräuhaus and when it engaged in the alleged intentional conduct that is the subject of this suit. Thus, it knew the brunt of the harm would be suffered in Nevada.

The relationship between the parties bears important similarities to the relationship at issue in *Burger King*. In *Burger King*, the Supreme Court found personal jurisdiction in Florida over an out-of-state franchisee who contracted with a Florida corporate plaintiff. 471 U.S. at 479. First, the Court held that the contract had a "substantial connection" to Florida, where the defendant negotiated with the plaintiff "for the purpose of a long-term franchise and the manifold benefits that would derive" from the resulting contract. *Id.* The contract involved a "carefully structured 20-year relationship that envisioned continuing and wide-reaching contacts," and the Court held that the "quality and nature" of this relationship could "in no sense be viewed as random, fortuitous, or attenuated." *Id.* (quotations and citations omitted). Second, the Court held that the defendant's actions caused "foreseeable injuries" to the plaintiff. *Id.* Finally, the Court weighed the significance of choice-of-law and arbitration provisions in the franchise documents. The Court held that although a choice-of-law clause providing that the contract "shall be governed and construed under and in accordance with the laws of the State of Florida" would not, standing alone, be enough to confer personal jurisdiction, the provision reinforced both the defendant's "deliberate affiliation" with Florida and the "reasonable foreseeability of possible litigation there." *Id.* at 483.

Oak Tree created a continuous relationship with a Nevada company binding itself to continuing contractual obligations, a circumstance the Supreme Court has emphasized constitutes purposeful direction. *Id.* at 473. Through the Franchise Agreement, Oak Tree received a limited license from a Nevada company to use the trademarks, trade dress, and copyrighted architecture specified per the terms and conditions of the Franchise Agreement. In exchange for those benefits, Oak Tree was required to pay a Nevada company, inter alia, royalties. The Franchise Agreement anticipated future consequences in Nevada, including potential application of Nevada law and action by a Nevada court. The choice-of-law and forum selection clauses provisions in the Franchise Agreement, like those contained in the *Burger King* franchise documents, similarly weigh toward a finding of specific personal jurisdiction. The *Burger King* franchise agreement stated that it "shall be deemed made and entered into in the State of Florida and shall be governed and construed under and in accordance with the laws of the State of Florida." *Id.* at 483. In this case, though the parties dispute whether the forum selection clause and choice of law clauses are void, neither party disputes the authenticity of the Franchise Agreement, which contemplated the use of Nevada law and future litigation in Nevada. The contract between the parties was substantial, involving potentially hundreds of thousands of dollars in revenue. Thus, the contractual relationship cannot be "viewed as random, fortuitous, or attenuated." *See id.* at 479. Oak Tree's alleged activities—including its unauthorized use of materials protected by federal trademark and copyright law are intentional acts that caused foreseeable injuries to Hofbräuhaus in Nevada.

The Ninth Circuit and district courts within the Ninth Circuit have held that specific jurisdiction exists where, as here, a plaintiff files suit in its home state against an out-of-state defendant and alleges that defendant intentionally infringed its intellectual property rights knowing the plaintiff was located in the forum state. Plaintiff in *Columbia Pictures Television v. Krypton Broad. of*

*Birmingham, Inc.*, 106 F.3d 288, 289 (9th Cir. 1997), overruled on other grounds by *Feltner v. Columbia Pictures Television*, 523 U.S. 340 (1998), a television studio located in California, filed a copyright infringement action in the Central District of California, naming as defendant an individual who resided outside the state. *Id.* at 288. The Ninth Circuit held the exercise of specific jurisdiction proper, because the defendant willfully infringed copyrights owned by a plaintiff, which, the defendant knew, had its principal place of business in the Central District. *Id.* at 289; *see also Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (holding that personal jurisdiction in a trademark infringement case as defendant knew that plaintiff would suffer harm in California, since "its principal place of business was in California, and the heart of the theatrical motion picture and television industry is located there"); *Brayton Purcell LLP v. Recordon & Recordon*, 361 F.Supp.2d 1135, 1140–41 (N.D. Cal. 2005) (finding that the plaintiff "has satisfied the effects/purposeful direction test by first, making a prima facie showing that [defendant] willfully infringed copyrights . . . and second, alleging without dispute ... that [defendant] knew [plaintiff's] principal place of business was in the [forum]."); *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093, 1107 (C.D. Cal. 2007) (finding the purposeful direction test satisfied where the defendants willfully infringed upon the plaintiff's copyrights and the plaintiff alleged that the defendants "must have known it was located in California").

### b. Hofbräuhaus's claims arise out of Oak Tree's Nevada-related activities.

The second prong likewise favors personal jurisdiction because Hofbräuhaus's claims arise out of or relate to Oak Tree's Nevada-related activities. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). The Ninth Circuit follows the "but for test," which requires Hofbräuhaus to show that it would not have suffered an injury "but for" Oak Tree's forum-related conduct. *Id.* (applying

the "but for" test and finding that Plaintiff was unable to close on the sale of Arizona property because the defendant improperly recorded and then refused to remove a lien). The Ninth Circuit has held that this prong is satisfied when, in actions involving alleged infringement on intellectual property, the defendant was able to engage in the infringing conduct because the plaintiff provided the materials pursuant to license agreements. *See Columbia Pictures Television*, 106 F.3d at 289. Here, Oak Tree would not be able to engage in the allegedly infringing conduct had it not entered into the Franchise Agreement with Hofbräuhaus. But for Oak Tree's Nevada-related conduct, namely the Franchise Agreement with Hofbräuhaus, a Nevada company, there would be no case.

### c. Personal jurisdiction over Oak Tree is not unreasonable.

Having determined that Oak Tree purposefully established minimum contacts with Nevada, the Court turns to whether Oak Tree presents "a compelling case that the presence of some other considerations would render jurisdiction unreasonable" and defeat personal jurisdiction. *Burger King*, 471 U.S. at 477. The Ninth Circuit considers seven factors in weighing reasonableness:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003)(internal quotation marks and citation omitted).

Oak Tree cannot show that personal jurisdiction is unreasonable. The degree of Oak Tree's interjection in Nevada weighs in favor of jurisdiction. Oak Tree purposefully interjected itself into Nevada's affairs by entering into a

substantial contractual relationship with a Nevada entity. The burden on Oak Tree is heavy given their financial distress, but particularly with the advent of modern technology, that burden is not significantly greater in Nevada than in any other forum. The third factor is inapplicable, because Missouri, where Oak Tree is organized, may be the location of the receivership action, but the claims at issue are not properly before that Missouri state court, nor is Hofbräuhaus a party to that litigation; Hofbräuhaus properly brings federal claims in federal court. The fifth factor is neutral considering that this action is in its infancy. With respect to the fourth factor, Illinois has a strong interest in protecting its franchisees, but Nevada has an interest in protecting its residents from tortious conduct and Hofbräuhaus elected to bring this action in Nevada. Finally, the Southern District of Illinois is available as an alternate forum, but that does not make it unreasonable for the Court to exercise specific jurisdiction. Oak Tree does not present a compelling case that exercise of personal jurisdiction by this Court would be unreasonable.

### D. Venue should be transferred to the Southern District of Illinois.

Transfer of venue is appropriate under 28 U.S.C. § 1404(a). To transfer this case to the Southern District of Illinois, the Court must find: 1) the transferee court is one where the action might have been brought, and 2) the parties' and witnesses' convenience, as well as the interest of justice, favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985); *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009).

#### 1. The action could have been brought in Illinois.

Venue for this case would be proper in either the District of Nevada or the Southern District of Illinois. Venue for the claim asserted under the Copyright Act is proper under the copyright venue statute in any district in which Oak Tree would be subject to personal jurisdiction. 28 U.S.C. § 1400(a); *Columbia Pictures Television,* 106 F.3d at 289 ("Venue under 28 U.S.C. § 1400(a) is proper in any

16

judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.")(internal citations omitted). Oak Tree is subject to personal jurisdiction in Nevada and would be subject to personal jurisdiction in Illinois because it owns and operates a franchise in Illinois. Venue for the remaining claims is also proper in both Nevada and Illinois because, because under the general venue statute, venue is proper in any district in which Oak Tree would be subject to personal jurisdiction or any district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b);(c); *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F.Supp.2d 1109, 1128 (C.D. Cal. 2009) ("Venue over trademark claims is governed by the general venue statute, 28 U.S.C. § 1391.")(internal citation omitted).

### 2. Convenience and the interests of justice favor transfer.

As the Southern District of Illinois is a proper venue, the decision to transfer turns on the convenience of parties and witnesses, and the interests of justice. *See Young Props. Corp. v. United Equity Corp.*, 534 F.2d 847, 852 (9th Cir. 1976). The convenience of the parties and witnesses favors transfer to Illinois.

Though a plaintiff's chosen forum generally is afforded "substantial weight," that weight "is substantially reduced" if the chosen forum "lacks a significant connection to the activities alleged in the complaint." *Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001) (internal quotation marks omitted). Hofbräuhaus wishes to proceed in Nevada, but also represents that this case is largely about a Brewpub in Illinois infringing on its trademarks. In infringement cases, it makes sense that the bulk of the relevant evidence, including witnesses, usually comes from the accused infringer. The material events-including any actions that constituted misuse of the Hofbräuhaus's

intellectual property took place in Illinois. Consequently, because of the location of the Brewpub in Illinois, this factor weighs in favor of transfer.

As this case has been stayed for almost six months and no substantive issues have been adjudicated, any inconvenience to Hofbräuhaus would be minimal, also weighing in favor of transfer. *See, e.g., Global Hawk Ins. Co. v. Vega*, 2015 WL 7720801, *4 (N.D. Cal. 2015) (concluding that when litigation was "still in its infancy," it weighs in favor of transfer); *Thanos v. Unum Life Ins. Co.*, 2015 WL 5770786, *3 (N.D. Cal. 2015) ("This litigation is still in its infancy, as the pleadings are not yet settled. The Court finds that this factor favors transfer."); *U.S. ex rel. Swan v. Covenant Care, Inc.*, 1999 WL 760610, *3 (N.D. Cal. 1999) ("Plaintiffs will not be inconvenienced by a transfer of the action at this point because the litigation is relatively young, and this court has not yet become greatly involved in this litigation.").

Because Hofbräuhaus requests injunctive relief, as a practical matter Illinois is the more convenient forum to enforce and monitor any injunctive relief awarded because the Illinois court would be closer to the action. *L. Bull. Pub., Co. v. LRP Publications, Inc.*, 992 F. Supp. 1014, 1021 (N.D. Ill. 1998) (request for injunctive relief favors transfer to forum that would enforce and monitor injunction); *Coll. Craft Companies, Ltd. v. Perry*, 889 F. Supp. 1052, 1056 (N.D. Ill. 1995)(same).

The interests of justice also weigh in favor of transferring the case to the Southern District of Illinois. Illinois has a stronger interest in this matter as the Brewpub is within its borders. In the IFDA of 1987, the Illinois legislature expressly recognized the state's strong interest in protecting Illinois residents, like Oak Tree, who become franchisees. *See* 815 Ill. Comp. Stat. Ann. 705/2. The IFDA further recognizes Illinois' interest in having disputes relating to franchise agreements resolved within the state by providing that "[a]ny provision in a franchise agreement that designates jurisdiction or venue in a forum outside of

this State is void, provided that a franchise agreement may provide for arbitration in a forum outside of this State." 815 Ill. Comp. Stat. Ann. 705/4.

The Southern District of Illinois also has a far stronger relationship with this controversy than does the District of Nevada. Trademark infringement is the gravamen of this case. The likelihood of confusion is the central element of a trademark infringement claim. *Abercrombie & Fitch Co. v. Moose Creek, Inc.*, 486 F.3d 629, 633 (9th Cir. 2007). In trademark infringement cases, though the effect of the infringing activity may be felt in the district where the plaintiff resides, the place where the infringing activity occurs is generally the correct venue. *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

Taking Hofbräuhaus's allegations as true, because the Brewpub is in Illinois, any consumer confusion caused by Oak Tree's infringing conduct occurred and is occurring in Illinois, not Nevada. The locus of material events is in Illinois. Illinois has a stronger interest in this matter as the franchise at issue is operating within its borders. Illinois, through its legislation, has explicitly expressed a strong and specific interest in protecting franchisees like Oak Tree. If injunctive relief is ordered that relief would be monitored in Illinois. Thus, the Court transfers venue to the Southern District of Illinois.

**III. Conclusion**

The Court finds that it has subject matter jurisdiction over this action, and that neither abstention nor a stay based on the Missouri receivership is appropriate. The Court has specific personal jurisdiction over Oak Tree. The Court finds, however, that a discretionary transfer of venue to the Southern District of Illinois is warranted and grants, in part, Oak Tree's motion (ECF No. 10) to the extent that the Court transfers venue to the Southern District of Illinois. The Court also finds that lifting the requested stay is appropriate because settlement negotiations have broken down.

IT IS THEREFORE ORDERED that Oak Tree's motion (ECF No. 10) is granted in part, to the extent that this case is transferred to the Southern District of Illinois. Considering the transfer, the Court does not reach the remaining issues raised in the motion to dismiss or any other pending motions.

IT IS FURTHER ORDERED that the stay in this matter (ECF Nos. 49; 51) is lifted.

DATED THIS 3rd Day of January 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE